NO. 07-07-0253-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 25, 2008
_____

CURTIS LEE THOMPSON, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 251ST DISTRICT COURT OF RANDALL COUNTY;

NO. 18888-C; HONORABLE ANA ESTEVEZ, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**ON ABATEMENT AND REMAND**

Appellant, Curtis Lee Thompson, appeals his conviction for unlawful possession of a firearm by a felon and sentence of 20 years incarceration in the Institutional Division of the Texas Department of Criminal Justice and $500 fine. On September 24, 2007, the clerk's record was filed in this cause. On September 25, 2007, this court sent correspondence to the trial court, trial court clerk, and counsel for appellant and the State noticing that the clerk's record does not contain a certification of defendant's right of appeal. This correspondence directed that a certification of defendant's right of appeal,

complying with Texas Rule of Appellate Procedure 25.2, be filed with the trial court clerk within 30 days and that the trial court clerk either file a supplemental clerk's record that includes the certification within 15 days of its filing or notify the Clerk of this Court that the certification was not filed within 45 days of our correspondence. To date, this Court has not received either a supplemental record containing a certification of defendant's right of appeal or notice that such certification was not filed.

A trial court's certification of defendant's right of appeal must be included in the appellate record, but the certification may be added by amendment, supplement, or order of this Court. TEX. R. APP. P. 25.2(d).

We, therefore, abate this appeal and remand the cause to the trial court for further proceedings. Upon remand, the trial court shall utilize whatever means necessary, including a hearing, if necessary, to determine if appellant still desires to prosecute this appeal. Appellant's counsel has notified this court that appellant may no longer desire to prosecute this appeal. However, no motion to dismiss the appeal, complying with Texas Rule of Appellate Procedure 42.2(a), has been received by this Court.

Without regard to whether appellant still desires to prosecute this appeal, the trial court is directed to certify whether appellant has the right of appeal. See TEX. R. APP. P. 25.2(a)(2), (d).[1] Furthermore, the trial court shall cause the certification manifesting its decision to be included in a supplemental clerk's record.

---

[1] Rule 25.2(d) was amended to require that a defendant sign the certification and receive a copy. The amendment became effective September 1, 2007.

If any hearing is held on these matters, it shall be transcribed, which transcription the trial court shall cause to be included in a supplemental reporter's record. So too is the trial court directed to cause both the supplemental clerk's and reporter's records to be filed with the Clerk of this Court on or before February 25, 2008. Should the trial court require more time to comply with the directions of this Court, it must request an extension prior to February 25, 2008.

Accordingly, the appeal is abated and the cause is remanded for further proceedings.

Per Curiam

Do not publish.